## The A. M. Hathaway.[1]

*(District Court, E. D. New York.  June 8, 1885.)*

1. COLLISION—STEAMER AND BRIG—CROSSING COURSES—LOOKOUT.

A steamer bound up the coast on a clear, starlight night, off Barnegat, made the green light of the Dutch brig A. some three points off her port bow. The brig was sailing close-hauled on a S. S. E. course, and the vessels were on crossing courses, and a collision took place. *Held,* that the conceded fact that the steamer did not slow at once cast doubt on her assertions that she immediately starboarded to pass under the brig's stern, and that the brig luffed, and frustrated her effort. On the evidence, the steamer did not make any effectual movement to pass under the brig's stern, and that the brig held her course until the instant of collision, and her luffing then did not tend to cause the collision, and the sole cause of the collision was the failure of the steamer to see the brig sooner.

2. SAME—FOREIGN VESSEL—TORCH-LIGHT—SECTION 4234.

Section 4234 of the Revised Statutes creates no obligation on a foreign vessel on the high seas to show a torch to an approaching steamer, and failure to do so was not negligence on the part of the brig.

In Admiralty.

*Jas. K. Hill, Wing & Shoudy,* for libelant, W. H. Meursing.

*E. D. McCarthy,* for the steamer.

BENEDICT, J.   The evidence shows that on a clear, starlight night the fishing steamer A. M. Hathaway, bound up the coast, and off Barnegat, made the green light of the Dutch brig Anna approaching, and some three points off the steamer's port bow. The brig was sailing close-hauled on a S. S. E. course, and the vessels were therefore on crossing courses. The steamer, upon seeing the brig's lights, did not immediately stop, but she says that she immediately starboarded her helm, intending to pass under the brig's stern, and she claims that

---

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

her effort was frustrated by a luff on the part of the brig. The vessels came in contact, the port bow of the brig striking on the port bow of the steamer, the brig's jib-boom bringing up near the foremast of the steamer. No damage of any consequence was done to the steamer. For the damage done to the brig this action is brought.

Upon the evidence, I am unable to find that the steamer made any effectual movement to pass under the brig's stern. That she did not slow her engines immediately on seeing the brig is conceded. It is not improbable, in view of the proximity of the brig, that she would have kept up her speed if her intention had been to let the brig pass across her bows, and the failure to slow at the instant, therefore, casts doubt upon her assertion that she starboarded when she says she did. The testimony of her lookout shows that she made no substantial change of course. If the steamer's course was not changed to port, a luff on the part of the brig, if made, would not have increased, but would have diminished, the danger of collision. Whether the brig luffed or not becomes, therefore, an immaterial question. The slight damage to the steam-ship indicates that the brig was near up in the wind at the time of striking. But I think there is no doubt that she held her course until the instant of collision, and that her movement then did not tend to cause the collision.

In addition to the charge of luffing, the steamer charges the brig with negligence, because she omitted to display a torch, as required by section 4234 of the Revised Statutes. It is a fact that the brig did not display a torch, nor was there anything in the surrounding circumstances to lead those on the brig to believe that the lights that were displayed would not be seen by those on the steamer. The night was clear, and the brig carried the ordinary red and green side lights, burning brightly. But the contention is that the failure of the brig to show a torch is conclusive proof of negligence, because she thereby failed to comply with a requirement of the law. Failure to comply with the statutory requirement in question may be conclusive proof of negligence on the part of a vessel, subject to the provisions of the statute; but failure to comply with the statute by a vessel not bound by the statute does not prove negligence on the part of that vessel. In this case the brig was a foreign vessel sailing the high seas. Our statute, section 4234, created no obligation on her part to display a torch, because not applicable to her. Section 4234 of the Revised Statutes is taken from section 70 of chapter 100 of the Laws of 1871, (16 St. at Large, 459.) The original statute contained a proviso, found in section 41, expressly exempting foreign vessels from the requirements of the act. This provision is now found in title 52 of the Revised Statutes,—a title relating to steam-vessels,—but, notwithstanding its insertion in a title relating to steam-vessels, and the limitation of its effect to steam-vessels, as inserted in the Revised Statutes, it may, I think, by virtue of section 5600, be given the effect originally intended, and be held to exclude foreign vessels from the requirement in section

4234. At any rate, the existence of the provision in the original statute, coupled with the absence of any language in section 4234 indicating an intention to include foreign vessels within the scope of the section, warrants the conclusion that there was no intention on the part of congress by section 4234 to create an obligation upon a foreign vessel sailing the high seas to show a torch to an approaching steamer. Nor was such an obligation on the part of the brig created by the laws of her own country, nor by any rule of navigation ordinarily observed by those navigating the sea. Whatever conclusion might have been compelled by the omission on the part of the brig to display a torch, if she had been an American vessel, the brig, not being an American vessel,—a premise necessary for the conclusion that her omission to show a torch was negligence,—she has not in this particular disregarded any obligation binding upon her.

I am well satisfied that the sole cause of the collision was the failure of those on board the steamer to see the brig sooner than they did, and as soon as they might have done, had they kept a vigilant lookout. Let there be a decree for libelant, with an order of reference to ascertain the amount.

END OF VOLUME 25.